UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INFORMATION** |
| v. | 24 Cr. |
| JASON STEELE,<br><br>Defendant. | **24 CRIM 572** |

### COUNT ONE
**(Conspiracy to Commit Wire Fraud)**

The United States Attorney charges:

1.     From at least in or about 2021 through at least in or about 2023, in the Southern District of New York and elsewhere, JASON STEELE, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.     It was a part and an object of the conspiracy that JASON STEELE, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, STEELE agreed to send and caused to be sent false and misleading information to an issuer of voluntary carbon units ("Issuer-1") for the purpose of causing Issuer-1 to issue voluntary carbon units to C-Quest Capital ("CQC"), which CQC then sold or planned to sell, including through the sending and receiving of emails and other

electronic communications.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Commit Commodities Fraud)

The United States Attorney further charges:

3.     From at least in or about 2021 through at least in or about 2023, in the Southern District of New York and elsewhere, JASON STEELE, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1.

4.     It was a part and object of he conspiracy that JASON STEELE, the defendant, and others known and unknown, willfully and knowingly, would and did, directly and indirectly, use and employ, and attempt to use and employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), to wit, STEELE agreed with others to send false and misleading information to Issuer-1, for the purpose of causing Issuer-1 to issue voluntary carbon units to CQC, which CQC sold or

2

planned to sell.

## Overt Acts

5.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about 2021, JASON STEELE, the defendant, and others, directed CQC employees to submit to Issuer-1 manipulated data about CQC projects in Malawi.

b.    In or about 2021, JASON STEELE, the defendant, and others, directed CQC employees to submit to Issuer-1 manipulated data about CQC projects in Zambia.

c.    In or about 2022, JASON STEELE, the defendant, and others, directed CQC employees to submit to Issuer-1 manipulated data about a CQC project in Zimbabwe.

(Title 18, United States Code, Section 371.)

### COUNT THREE
### (Conspiracy to Commit Securities Fraud)

The United States Attorney further charges:

6.    From at least in or about 2022 through at least in or about 2023, in the Southern District of New York and elsewhere, JASON STEELE, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

7.    It was a part and an object of the conspiracy that JASON STEELE, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of a means and an instrumentality of interstate commerce and of the mails, and of a facility of a national

3

securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, to wit, STEELE agreed with others to defraud a private equity firm ("Investor-1") considering investing in CQC, including by using information about carbon credits that had been obtained through the submission of false and misleading information.

## Overt Act

8.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: in or about late 2022, JASON STEELE, the defendant, and others, sent Investor-1, data about the amount of voluntary carbon units CQC had received, and expected to receive, from existing CQC projects.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

9.    As a result of committing one or more of the offenses charged in Counts One and Three of this Information, JASON STEELE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States

4

currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

Substitute Assets

10. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

Damian Williams

DAMIAN WILLIAMS
United States Attorney

5